```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

MARILYN LEWIS,                        §
                                      §
        Plaintiff,             §
v.                                    §
                                      §
ALLSTATE INSURANCE CO.,               §
ALLSTATE INDEMNITY CO. and            §
any and all affiliates                §
and its subsidiaries,                 §
ROSS CARNES, individually             §
and as an employee of                 §    CIVIL ACTION NO. H-03-5095
Allstate Insurance Co.,               §
VICKY GUTIERREZ, individually         §
and as an employee of                 §
Allstate Insurance Co.,               §
BRYAN HANSON, individually            §
and as an employee of                 §
Allstate Insurance Co.,               §
and ED MORAN, individually            §
and as an employee of                 §
Allstate Insurance Co.,               §
                                      §
        Defendants.            §

<u>MEMORANDUM AND ORDER</u>

Pending is Defendants' Motion to Dismiss (Document No. 17) and Motion for Summary Judgment (Document No. 18). Plaintiff has not responded to either motion, and the motions are therefore deemed unopposed pursuant to Local Rule 7.4. After having carefully considered the motions and the applicable law, the Court concludes as follows:

I. <u>Background</u>

This an employment discrimination action. Plaintiff Marilyn Lewis ("Lewis") alleges that her former employer, Defendant

Allstate Insurance Co. ("Allstate") wrongfully terminated her employment on or about September 4, 2001. According to Lewis, Defendants Allstate and employees Ross Carnes ("Carnes"), Vicky Gutierrez ("Gutierrez"), Bryan Hanson ("Hanson"), and Ed Moran ("Moran") were all negligent, because Defendants engaged in a course of conduct that permitted Lewis to sign documents in the name of her supervisor (Hanson) and other Allstate personnel, but then purported to terminate Lewis for doing so without authority.[1] In fact, Lewis alleges, Allstate discriminated against her by terminating her based on her race and age.

Lewis originally filed suit against Defendants in Texas state court, asserting claims against Allstate for violations of the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001 *et seq*. ("TCHRA"), and against all Defendants for negligence and intentional infliction of emotional distress.[2] Those Defendants who had been served at the time (Carnes and Gutierrez) removed the

---

[1] Although Lewis's Original Petition also names as a defendant Allstate Indemnity Co. "and any and all affiliates and its subsidiaries," she does not otherwise identify this entity. Accordingly, the Court will treat the entity as indistinguishable from Defendant Allstate Insurance Co.

[2] Defendants' motions treat Lewis's Original Petition ("Petition") as further asserting her discrimination claims under Title VII of the Civil Rights of 1964, as amended. The Petition does not mention Title VII, however, and Plaintiff relies solely upon the "Texas Labor Code," *i.e*. TCHRA, in bringing her discrimination claims. *See* Document No. 1 ex. B. Indeed, the Notice of Removal invokes only diversity jurisdiction, arguing that non-diverse Defendants Carnes and Gutierrez were improperly joined. *See* Document No. 1, at 1-7.

action to federal court on an assertion of diversity jurisdiction. All Defendants now move to dismiss Lewis's claims pursuant to Fed. R. Civ. P. 12(b)(1), (5), and (6), and further move for summary judgment.[3]

## II. Discussion

A. Subject Matter Jurisdiction

Although Lewis has not moved to remand, "federal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte. . . ." *See* Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004). A defendant may remove to federal court a civil action over which the federal court has diversity jurisdiction. 28 U.S.C. § 1441(b). When removal is based on allegations of improper joinder, the removing party has the heavy burden of proving improper joinder. *See* Great Plains Trust Co. v. Morgan Stanley Dean Witter, 313 F.3d 305, 312 (5th Cir. 2002).[4] "[Improper] joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the

---

[3] The Court previously dismissed Lewis's claims against Hanson for want of prosecution. *See* Document No. 16.

[4] Although the term "fraudulent joinder" has frequently been employed, the Fifth Circuit recently determined that the term "improper joinder" accords better with applicable statutory language. *See* Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 571 n.1 (5th Cir. 2004)(en banc).

3

non-diverse party in state court." Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003). With respect to the latter, the issue is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood, 385 F.3d at 573.

It is uncontroverted that the only claims Lewis asserts against Carnes and Gutierrez are for negligence in termination and intentional infliction of emotional distress ("IIED"). *See* Document No. 1 ex. B. Texas law, however, does not recognize a cause of action for negligent termination of at-will employment. *See* Texas Farm Bureau Mut. Ins. Cos. v. Sears, 84 S.W.3d 604, 610 (Tex. 2002)("[W]e decline to recognize a cause of action against employers for negligent investigation of their at-will employees' alleged misconduct."); Mission Petroleum Carriers, Inc. v. Solomon, 106 S.W.3d 705, 715-16 (Tex. 2003)(reaffirming that an employer can discharge an at-will employee for bad reasons without incurring liability, and that where "[an employee's] complaint concerns the process by which [the employer] chose to terminate him, it goes to the core of at-will employment"); Wal-Mart Stores, Inc. v. Canchola, 121 S.W.3d 735, 740 (Tex. 2003) ("An at-will employer

does not incur liability for carelessly forming its reasons for termination.").

To prevail on her IIED claim against each Defendant, Lewis must prove that: (1) the Defendant acted intentionally or recklessly; (2) the Defendant's conduct was extreme and outrageous; (3) the Defendant's actions caused Lewis emotional distress; and (4) her emotional distress was severe. *See* Sears, 84 S.W.3d at 610. Lewis's IIED claim appears to rest solely on her allegedly unfair termination. "However, the mere fact of termination of employment, even if the termination is wrongful, is not legally sufficient evidence that the employer's conduct was extreme and outrageous. . . ." Southwestern Bell Mobile Sys., Inc. v. Franco, 971 S.W.2d 52, 54 (Tex. 1998); *cf.* GTE Southwest, Inc. v. Bruce, 998 S.W.2d 605, 612-13 (Tex. 1999)("[A] claim for intentional infliction of emotional distress does not lie for ordinary employment disputes.").

Furthermore, the statute of limitations applicable to Lewis's negligence and IIED claims required her to "bring suit . . . not later than two years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (Vernon 2002); *see* Texas Soil Recycling, Inc. v. Intercargo Ins. Co., 273 F.3d 644, 649 (5th Cir. 2001)(negligence claims); Stephens v. Dolcefino, 126 S.W.3d 120, 126 (Tex. App.--Houston [1st Dist.] 2003, pet. denied)(IIED claim). "In general, a cause of action accrues and the limitations period

5

begins when a wrongful act causes a legal injury." Texas Soil Recycling, 273 F.3d at 649.  Thus, Lewis's negligence and IIED causes of action (if any) accrued by the time of her alleged wrongful termination "[o]n or about September 4, 2001." *See* Document No. 1 ex. B, at 3.  Lewis's Charge of Discrimination filed with the Texas Commission on Human Rights states that she was terminated on September 5, 2001, and Lewis first received letters from Allstate advising her of her termination on September 6th. *See* Document No. 17 ex. B ex. 1, ex. 4, at 11.  Lewis did not file suit against Defendants until September 8, 2003, however, and the statute of limitations therefore bars her negligence and IIED claims.  *See* Document No. 1 ex. B.

Thus, there is no reasonable basis for predicting that Lewis could recover against Carnes and Gutierrez in this action, and their citizenship is disregarded for purposes of diversity jurisdiction.  As it is otherwise uncontroverted that the remaining parties are completely diverse and the amount in controversy exceeds $75,000, diversity jurisdiction is proper.

B.   Summary Judgment

Defendants seek dismissal (under Rule 12(b)) and/or summary judgment on all of Lewis's claims.  As Defendants incorporate their arguments for dismissal into their motion for summary judgment, the Court will apply the summary judgment standard of review.

6

1.  <u>Standard of Review</u>

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The moving party must "demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. *See* <u>id.</u> at 2553-54.  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. *See* <u>Morris v. Covan World Wide Moving, Inc.</u>, 144 F.3d 377, 380 (5th Cir. 1998) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2514-15 (1986)).  "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."  <u>Id.</u>

In considering a motion for summary judgment, the district court must view the evidence through the prism of the substantive evidentiary burden.  *See* <u>Anderson</u>, 106 S. Ct. at 2513-14.  All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  *See*

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).  "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper.  Kelley v. Price Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing Matsushita, 106 S. Ct. at 1351).  On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper."  Id. (citing Anderson, 106 S. Ct. at 2511).  Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial."  Anderson, 106 S. Ct. at 2513.

   2.   Negligence and IIED Claims

For the reasons stated in the improper joinder analysis, Lewis's negligence and IIED claims fail as a matter of law. Indeed, this analysis applies not only with respect to Defendants Carnes and Gutierrez, but also to Defendants Moran and Allstate.[5]

---

[5] The statute of limitations does not, however, dispose of *all* claims against *all* Defendants, thereby implicating the "common defense" rule discussed in Smallwood.  See Smallwood, 385 F.3d at 574-75 (explaining that where, in an improper joinder inquiry, a defense that disposes of the claims against non-diverse defendants also disposes of the claims against all defendants, the lawsuit is one lacking in merit and the case should be remanded); Rainwater v. Lamar Life Ins. Co., 391 F.3d 636, 638 (5th Cir. 2004)("If th[e] court should determine that the limitations defense in question is dispositive of *all* claims against *all* defendants, then *Smallwood* would require remand to state court (where, presumably, the entire case would be dismissed).").

Accordingly, Defendants Moran and Allstate are entitled to summary judgment on these claims.

3.  TCHRA Claims

In February, 2002, Lewis filed her Charge of Discrimination with the Texas Commission on Human Rights ("TCHR").[6]  *See* Document No. 17 ex. B, at 13-14; ex. 1.  The uncontroverted summary judgment evidence is that the TCHR found no reasonable cause to believe that TCHRA had been violated, but issued Lewis a "Notice of Right to File a Civil Action" (the "Notice") on May 30, 2002, which Lewis received shortly thereafter.  *See* id. ex. B, at 133-34; ex. 15;

Under Texas law, "[o]nce the complainant receives notice of her right to file a civil action, she must do so within sixty days."  Vielma v. Eureka Co., 218 F.3d 458, 463 (5th Cir. 2000); *see* TEX. LAB. CODE ANN. § 21.254 (Vernon 1996); Document No. 17 ex. B ex. 15.  Lewis, however, did not file her action in state court until September 8, 2003, more than a year later.  *See* Document No. 1 ex. B; *cf.* Taylor v. Books A Million, Inc., 296 F.3d 376, 379-80 (5th Cir. 2002)(applying presumption of receipt by plaintiff of EEOC notice of right to sue within seven days of issuance where plaintiff failed to allege specific date of receipt).  Thus, Defendants are entitled to summary judgment on Lewis's untimely TCHRA claims.  *Cf.* Lottinger v. Shell Oil Co., 143 F. Supp. 2d 743,

---

[6] Lewis asserts her TCHRA claims solely against Allstate.

753 (S.D. Tex. 2001) (Crone, Mag. J.) (pointing out that TCHRA actions filed in federal court after the passage of sixty days from receipt of the notice of right to file a civil action "are routinely dismissed as untimely").

### III. Order

For the foregoing reasons, it is

ORDERED that Defendants' Motion to Dismiss (Document No. 17) is GRANTED as to Ross Carnes, individually and as an employee of Allstate Insurance Co., Victoria Gutierrez, individually and as an employee of Allstate Insurance Co., and Defendants' Motion for Summary Judgment (Document No. 18) is GRANTED as to Defendants Allstate Insurance Co., Allstate Indemnity Co. and any and all affiliates and its subsidiaries, and Ed Moran, individually and as an employee of Allstate Insurance Co., and Plaintiff's claims against all of those Defendants are DISMISSED.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas, on this 20th day of July, 2005.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE